AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original     ☐ Duplicate Original

| LODGED |
| CLERK, U.S. DISTRICT COURT |
| **9/26/25** |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____MRV_____ DEPUTY |

# UNITED STATES DISTRICT COURT

for the

Central District of California

| FILED |
| CLERK, U.S. DISTRICT COURT |
| September 26, 2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____CLD_____ DEPUTY |

United States of America

v.

WILO BYRON NUNEZ,

Defendant.

Case No. 2:25-mj-05990-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about September 24, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

/s/
_____
*Complainant's signature*

Michael DeNaro, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:     September 26, 2025

*Judge's signature*

City and state:   Los Angeles, California

Hon. Jacqueline Chooljian, U.S. Magistrate Judge
*Printed name and title*

AUSA: Yervant P. Hagopian x0732

## AFFIDAVIT

I, Michael DeNaro, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.  This affidavit is made in support of a criminal complaint against, and arrest warrant for, Wilo Byron NUNEZ ("NUNEZ") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only, all amounts are approximate, and all dates and times are on or about those indicated.

### II. BACKGROUND OF AFFIANT

3.  I am a Special Agent ("SA") with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been so employed since September 2021.  I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia, and have completed both the Criminal Investigator Training Program and the Homeland Security Investigations

Special Agent Training course.  I am currently assigned to the HSI Office of the Assistant Special Agent in Charge Homeland Security Task Force II  weapons group as acting Supervisory SA, which is primarily responsible for investigating federal crimes involving weapons. Prior to this assignment, I was assigned as an SA to HSI Los Angeles International Airport ("LAX"), which is responsible for investigating federal crimes involving child exploitation, child pornography, cybercrimes, immigration crimes, human-rights violations, human smuggling, smuggling of narcotics, weapons, and other types of contraband, financial crimes, and various other violations of immigration and customs laws.  Through my training, I have learned of HSI's criminal investigative authority, as well as investigative techniques. Through my training and experience, I have become familiar with the methods of operation used by people who are involved with offenses involving illegal possession of firearms.

4.    Prior to my appointment to the HSI LAX office, I was employed as a Police Officer with the West Newbury, Massachusetts, Police Department from July 2017 to September 2021.  I was also employed as a Police Officer with the Merrimack College Police Department in North Andover, Massachusetts, from September 2018 to December 2020.  As part of my duties as a SA with HSI, I investigate various violations of federal law.  During my tenure as a SA, I have participated in various firearm, narcotics, financial, and child-exploitation investigations.  As part of my law-enforcement experience, I have conducted physical surveillance, participated in the

execution of search and arrest warrants, participated in the seizure of narcotics, firearms, bulk currency, and various other items, and participated in various enforcement operations.  My investigative experience detailed herein, as well as my training, experience, and conversations with other law-enforcement officers who are participating in this investigation, serve as the basis for the conclusions set forth herein.

### III. <u>STATEMENT OF PROBABLE CAUSE</u>

3.   Based on my review of law enforcement reports, my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

5.   Between August 2023 and April 2024, several individuals reported to law enforcement that NUNEZ possessed firearms at his house in San Pedro, California.

6.   On April 15, 2024, the Los Angeles Police Department ("LAPD") executed a search warrant at NUNEZ's house and found seven firearms and ammunition.

7.   On June 23, 2025, LAPD stopped NUNEZ while he was driving a car without front and rear license plates.  NUNEZ denied owning the car or knowing its owner and was unable to provide a registration document.  LAPD requested that NUNEZ step out the car.  In plain view, LAPD saw a clear glass cylinder pipe with a bulbous end located in the pocket of the front driver side door.  Accordingly, LAPD searched NUNEZ's car and found a serialized revolver loaded with five rounds of ammunition in the center console and a backpack on the passenger

seat, which contained a black pistol frame with a firing pin and red laser attached, ten rounds of ammunition, a sealed firearm magazine, and suspected narcotics and drug paraphernalia.

8.  On September 24, 2025, LAPD executed another search warrant at NUNEZ's house in San Pedro, California.  LAPD discovered NUNEZ inside of a truck parked on the curb afront the house while being accompanied by his three-year-old son.  Inside the house, LAPD found a duffel bag on a couch in the living room, which contained a .22 caliber German Sport Guns ("GSG") AK47 rifle bearing serial number A350781.  Inside a kitchen drawer, LAPD found a 9-millimeter Taurus G3C pistol bearing Serial No. ACM600532.  Elsewhere inside the house, LAPD found a 3D-printed handgun frame, a handgun slide, ammunition, and a small bag containing suspected methamphetamine.  On NUNEZ's person, LAPD found two small bags containing a white crystal substance and a clear glass pipe with a bulbous end.  The house exhibited no indicia of any occupant other than NUNEZ and his toddler son, for whom NUNEZ shares custody with his wife, Y.N. Although they remain married, NUNEZ is the subject of an active restraining order for the protection of Y.N., which leads me to believe they do not live together.

9.  During a Mirandized interview, NUNEZ admitted that he previously owned a .22 caliber rifle but denied having firearms at his residence.

10. On or about September 25, 2025, Alcohol Tobacco Firearms and Explosives ("ATF") SA Donovan Manning examined

photographs of the foregoing GSG and Taurus firearms and made the following determinations:

a.    The 9-millimeter Taurus G3C pistol bearing Serial No. ACM600532 was manufactured in Brazil.  Since this firearm was found in California, it must have moved in foreign commerce.

b.    The .22 caliber GSG AK47 rifle bearing serial number A350781 was manufactured in Germany.  Since this firearm was found in California, it must have moved in foreign commerce.

11.  I have reviewed a copy of NUNEZ's criminal history and determined that he has sustained the following felony convictions:

a.    Willfully Discharging a Firearm in a Negligent Manner, in violation of California Penal Code Section 246.3, in the Superior Court of the State of California, County of Los Angeles, case number NA053927-01, on or about November 12, 2002;

b.    Taking Vehicle Without Consent, in violation of California Vehicle Code § 10851(A), in the Superior Court of the State of California, County of Los Angeles, case number XSONA05392701, on or about August 8, 2003;

c.    Stalking, in violation of California Penal Code § 646.9(A), in the Superior Court of the State of California, County of San Bernardino, case number FVA702061, on or about April 24, 2008; and

d.    Felon in Possession of Ammunition, in violation of California Penal Code § 30305(A)(1), in the Superior Court of the State of California, County of Los Angeles, case number XNOMA05710101, on or about November 6, 2012.

## IV. CONCLUSION

12. For all of the reasons described above, there is probable cause to believe that NUNEZ has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 26th day of September, 2025.

_____
HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE